**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| REYGAN BOUGAULT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-1897-CMS |
| | ) | |
| UNKNOWN FARREL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon self-represented Plaintiff Reygan Bougault's application to proceed without prepayment of the required filing fees and costs. ECF No. 13. Having reviewed the application and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). All other pending motions will be denied as moot.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520

(1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Background**

On December 22, 2025, Plaintiff filed the instant complaint under 42 U.S.C. § 1983 against Sergeant Farrel of the Pagedale Police Department, as well as ten John/Jane Does. ECF No. 1. The complaint alleged that Farrel "unlawfully accessed Plaintiff's confidential information…." *Id*. at. 2. Plaintiff did not describe what confidential information was accessed, nor did he describe any harm. According to an exhibit submitted by Plaintiff, Defendant accessed a police report relating to Plaintiff. ECF No. 1-2 at 2. Plaintiff and Defendant had a brief phone call relating to cars parked on the street where Plaintiff used to live. *Id*. Defendant stated he was

2

trying to find owners of the cars so that they could be moved so that plows would have access to the street. *Id*. Plaintiff believed this was "pretextual" and insufficient to justify accessing Plaintiff's "personal report history." *Id*. at 5.

Plaintiff filed an amended complaint on January 14, 2026. ECF No. 11. The amended complaint no longer named John/Jane Does as defendants. *Id*. The amended complaint reiterated Plaintiff's belief that his information was accessed by police databases, and that he was being surveilled by police. *Id*. at 2. On March 18, 2026, the Court ordered Plaintiff to file an amended complaint using a Court form. ECF No. 12.

### Second Amended Complaint

On March 23, 2026, Plaintiff filed his second amended complaint. ECF No. 14. The only defendant listed is Sergeant Farrel of the Pagedale Police Department, in his individual capacity. *Id*. at 2. Plaintiff brings this claim under 42 U.S.C. § 1983, asserting violations of his First, Fourth, and Fourteenth Amendment rights. *Id*. at 3. Plaintiff continues to claim that Defendant accessed information relating to Plaintiff from a police database. *Id*. at 6. He further alleges Defendant contacted him by phone and "attempted to locate Plaintiff." *Id*. Plaintiff asks this Court to take into consideration the previously filed exhibit that described the phone call between Plaintiff and Defendant, and Defendant's access of a police report. ECF No. 15.

For injuries, Plaintiff claims he suffered emotional distress, fear for personal safety, and a loss of privacy. ECF No. 14 at 6. He requests declaratory relief, injunctive relief, compensatory damages, and punitive damages. *Id*.

### Discussion

Having carefully reviewed and liberally construed the complaint, the Court finds that the allegations fail to state a claim upon which relief can be granted. Plaintiff complains of the

3

following conduct: a police officer accessed a police report relating to Plaintiff, a police officer called Plaintiff, and a police officer attempted to locate Plaintiff. These actions are not indicative of any constitutional violations.

Plaintiff alleges a claim of retaliation under the First Amendment. To prevail on a First Amendment retaliation claim, a plaintiff "must show that [he] engaged in protected activity, that the [defendant's] actions caused an injury to the [plaintiff] that would chill a person of ordinary firmness from continuing to engage in the activity, and that a causal connection exists between the retaliatory animus and the injury." *Small v. McChrystal*, 708 F.3d 997, 1008 (8th Cir. 2013). Plaintiff fails to allege facts that address any of the elements of a First Amendment retaliation claim. He does not contend that he was engaged in a protected activity, nor does he claim any injury that would chill a person of ordinary firmness from continuing to engage in the activity.

Plaintiff also alleges an unlawful search under the Fourth Amendment. A Fourth Amendment search "occurs when an expectation of privacy that society is prepared to consider reasonable is infringed." *United States v. Jacobsen,* 466 U.S. 109 (1984). Plaintiff does not describe a search that implicates the Fourth Amendment. At most, Defendant allegedly accessed a police report in a police database. Although Plaintiff describes the police report as his "personal report history," he is incorrect. There is no reasonable expectation of privacy in a police report, as they are generally considered public record in Missouri. *See* RSMo § 610.100 (2020).

Finally, Plaintiff asserts a deprivation of privacy interests under the Fourteenth Amendment. The Eighth Circuit has recognized a right to informational privacy under the Fourteenth Amendment. *See Alexander v. Peffer*, 993 F.2d 1348, 1349 (8th Cir. 1993) (explaining that "the Supreme Court [has] determined that one component of the protection of the right to

4

privacy embodied in the fourteenth amendment is an individual's interest in avoiding disclosures of personal matters"). This safeguard was interpreted as including "protection of the individual interest in avoiding disclosure of personal matters," and was "characterized as the right to confidentiality." *Cooksey v. Boyer*, 289 F.3d 513, 515 (8th Cir. 2002). This right is not implicated in the instant case. Plaintiff does not allege any of his information was made public by the Defendant. Further, as previously stated, the information accessed was already available to the public under Missouri law.

Plaintiff has failed to state any constitutional violation from Defendant's actions. Therefore, Plaintiff's complaint will be dismissed for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion to designate email for service and appear electronically (ECF No. 2) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion for injunctive relief (ECF No. 4) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion to supplement the record with previously unfiled material evidence (ECF No. 6) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion for privacy protection, use of mailing address and leave to seek alternative service (ECF No. 7) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 8) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's application to proceed without prepayment of the required filing fees and costs (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this _15th_ day of April, 2026.

 

 

_____

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE